## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 23-cv-14382-BLOOM

KEITH ROBERT DOHERTY,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

### ORDER DISMISSING § 2254 PETITION

**THIS CAUSE** is before the Court *sua sponte*. On December 4, 2023, the Clerk docketed Petitioner Keith Robert Doherty's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. [1]. In the instant action, Petitioner challenges his state court conviction in case number 2021-CF-000736A entered in the Nineteenth Judicial Circuit Court in and for St. Lucie County on the grounds that he experienced manifest injustice and was denied effective assistance of counsel. *See generally id.*

It is well-settled law in this Circuit that a district court must dismiss a habeas corpus petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (alteration adopted; citation and quotation marks omitted). After reviewing the Petition, the Court identifies three issues that compel dismissal of the instant action. First, Petitioner is no longer in custody pursuant to the conviction he challenges in the instant Petition. Second, Petitioner failed to sign the Petition in contravention of Rule 11(a) of the Federal Rules of Civil Procedure and Rule 2(c)(5) of the Rules Governing Section 2254 Cases. Third, Petitioner failed to pay the Clerk's $5.00 filing fee

or file a legally sufficient motion for leave to proceed *in forma pauperis*. The Court addresses each of these issues in turn.

* * *

## I.      Petitioner's Failure to Satisfy § 2254(a)'s "[I]n [C]ustody" Requirement

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a state court.'" *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has stated that the "in custody" requirement of § 2254 means "that the habeas petitioner [must] be in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)) (quotation marks omitted). "Accordingly, where a petitioner's sentence has fully expired, he does not meet the 'in custody' requirement," and the district court lacks subject matter jurisdiction. *Birotte v. Sec'y for Dep't of Corr.*, 236 F. App'x 577, 578-79 (11th Cir. 2007) (quoting *Maleng*, 490 U.S. at 492).

Here, Petitioner fails to make this threshold showing. Petitioner uses his § 2254 petition to challenge his conviction in case number 2021-CF-000736A, *see* ECF No. [1] at 1,[1] but a search of the Florida Department of Correction's ("FDOC") Corrections Offender Network reveals that Petitioner has served the sentence entered in that case and was released on January 10, 2023.[2] Because Petitioner is no longer in custody pursuant to the conviction he challenges in the instant

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] The Court takes judicial notice of the search results produced by the FDOC's Corrections Offender Network. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (citing Fed. R. Evid. 201(b)). Consistent with the Court's exercise of judicial notice, the Clerk is **INSTRUCTED** to include as part of the record in this case the search results produced by the FDOC's Corrections Offender Network, available at https://fdc.myflorida.com/OffenderSearch/Search.aspx (last accessed Dec. 6, 2023).

Petition, the Petition must be dismissed for lack of subject matter jurisdcition.[3] *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) ("[A] petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired."); *see also Maleng*, 490 U.S. at 490 ("The federal habeas statute gives the United States district courts *jurisdiction* to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (emphasis added; quoting 28 U.S.C. § 2241(c)(3); other emphasis and citation omitted)).[4]

## II. Petitioner's Failure to Comply with Rule 11(a) of the Federal Rules of Civil Procedure and Rule 2(c)(5) of the Rules Governing Section 2254 Cases

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Additionally, Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires habeas petitions to "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."[5] *Id.* Petitioner failed to

---

[3] In reaching this conclusion, the Court does not ignore the fact that Petitioner is presently incarcerated. Petitioner's current incarceration is of no relevance because it is authorized by charges unrelated to the conviction challenged in the instant Petition. *Compare Inmate Lookup*, St. Lucie Cnty. Sherriff's Off., https://www.stluciesheriff.com/215/Inmate-Lookup (last accessed Dec. 6, 2023) (holding Petitioner pursuant to charges of trespass, evidence tampering, battery, petit theft, among other crimes), *with* ECF No. [1] at 1 (challenging Petitioner's state court conviction in case number 2021-CF-000736A entered in the Nineteenth Judicial Circuit Court). Thus, Petitioner still fails to satisfy § 2254(a)'s "in custody" requirement and the instant action must be dismissed. *See Diaz v. State of Fla. Fourth Jud. Cir. ex rel. Duval Cnty.*, 683 F.3d 1261, 1264 (11th Cir. 2012) ("Although we broadly construe the phrase 'in custody,' that requirement has not been extended to cover a scenario where a petitioner suffers no 'present restraint' from the conviction being challenged." (quoting *Maleng*, 490 U.S. at 492)); *see also Williams v. United States*, 785 F. App'x 710, 712 (11th Cir. 2019) ("The 'in custody' requirement means that a movant must be in custody under the challenged conviction at the time that he files his motion. (citation omitted)).

[4] The Court's conclusion is consistent with the decision of the Honorable Raag H. Singhal, who recently dismissed Petitioner's prior § 2254 petition on similar grounds. *See Doherty v. Dixon*, No. 22-cv-14417-AHS, ECF No. [9] at 2-3, (S.D. Fla. Sept. 15, 2023) (dismissing Petitioner's § 2254 petition that challenged his conviction in case number 2021-CF-000736A due to his failure present a live controversy).

[5] Section 2242 states that an "[a]pplication for a writ of habeas corpus shall be in writing signed

3

sign the Petition, *see* ECF No. [1] at 15, violating Federal Rule of Civil Procedure 11(a) and Rule 2(c)(5) of the Rules Governing Section 2254 Cases. Petitioner's status as a *pro se* litigant does not excuse his failure to comply with the "rules of court [or] the Federal Rules of Civil Procedure[;]" thus, Petitioner's failure to comply with the relevant rules provides the Court with an alternative basis on which to dismiss the Petition. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) ("[A] district court may *sua sponte* dismiss a suit for failure to prosecute . . . .").

**III.    Petitioner's Failure to Pay the Clerk's $5.00 Filing Fee or File a Legally Sufficient Motion for Leave to Proceed *in forma pauperis***

Rule 3(a)(2) of the Rules Governing Section 2254 Cases requires petitioners who wish to proceed *in forma pauperis* to file "a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." *Id.* While Petitioner did attach the affidavit required by 28 U.S.C. § 1915 to his Motion for Leave to Proceed *in forma pauperis*, *see generally* ECF No. [3], he failed to include the certificate showing the "amount of money or securities that" he possesses from "the institution" where he is currently confined, Rule 3(a)(2) of the Rules Governing Section 2254 Cases. Petitioner's failure to pay the filing fee or file a legally sufficient motion for leave to proceed *in forma pauperis* provides the Court with a third reason to dismiss the Petition.

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Alternatively, the Petition is **DISMISSED without prejudice** due to Petitioner's failure to comply with the aforementioned

---

and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242.

procedural rules. All pending motions are **DENIED as moot**. Any requests for an evidentiary

hearing are **DENIED**. The Clerk is directed to **CLOSE** this case.[6]

      **DONE AND ORDERED** in Chambers at Miami, Florida, on December 7, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Keith Robert Doherty, *PRO SE*
E91290
St. Lucie County Jail
Inmate Mail/Parcels
900 North Rock Road
Fort Pierce, Florida 34945

---

[6] Because the Court "lack[s] subject matter jurisdiction to consider the [] petition, [the Court may] not issue a [certificate of appealability]." *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).